**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                      )
**DRIVERS, CHAUFFEURS AND HELPERS**          )
**LOCAL UNION NO. 639,**                     )
                                                      )
      **Plaintiff/Counter Defendant,**     )
                                                      )
      **v.**                                )     **No. 09-CV-793 (ESH)**
                                                      )
**OTTENBERG'S BAKERS, INC.,**                )
                                                      )
      **Defendant/Counter Claimant.**       )
_____)

**MEMORANDUM OPINION AND ORDER**

      Plaintiff Drivers, Chauffeurs and Helpers Local Union No. 639 ("the Union") filed this

action to enforce an arbitration decision and award issued pursuant to the collective bargaining

agreement ("CBA") between plaintiff and defendant Ottenberg's Bakers, Inc. ("the Company").

Defendant has responded by filing a counterclaim which also seeks to enforce the same award.

The parties agree that this Court has jurisdiction pursuant to Section 301 of the Labor

Management Relations Act ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. § 1331.  For the reasons

set forth below, the Court will remand this matter to the original arbitrator, Michael Fischetti, to

clarify the precise meaning of his decision and award ("the Award") and to determine whether

defendant has complied with its terms.

      At all times relevant to this action, the Union has been the exclusive collective bargaining

representative of the Company's driver-salesmen and tractor-trailer drivers.  (Def.'s Answer and

Counterclaim for Enforcement ["Def.'s Answer"] [Dkt. No. 4] at 2 ¶ 3.)  The Union and

Company are parties to a CBA which provides for arbitration of disputes concerning the

interpretation or application of its terms.  (*Id.* at 7 ¶ 5.)  Beginning on September 13, 2007, a

dispute arose concerning the Company's proposal to close its distribution department and contract out the work then being performed by bargaining unit employees Wickheiser, Smith, and Lawson.  (*Id.* at 7 ¶ 6.)  On October 26, 2007, the Company implemented its proposal and laid off these three tractor trailer drivers.  (*Id.* at 7 ¶ 7.)  On November 2, 2007, the Union, pursuant to the provisions of Article 11 of the parties' CBA, filed a grievance over the Company's actions and subsequently initiated arbitration proceedings.  (*Id.* at 7 ¶ 8.)

On July 23, 2008, a hearing was held before arbitrator Fischetti.  (*Id.* at 7-8 ¶ 9.)  On September 27, 2008, Fischetti issued a decision and award that sustained the Union's grievance and found that the Company's actions had violated the parties' agreement.  (*Id.* at 8 ¶ 11.)  The Award orders defendant to

> cease and desist, under the current contract, from subcontracting the tractor trailer unit work until special or emergency circumstances exist.  Moreover, the three affected employees are to be reinstated with full back pay with no loss of seniority of benefits. . . .
>
> The Arbitrator has stated that he would rule on the issue of the alleged contract violation, and in sustaining the grievance *this decision and award applies only to the return to work of the three affected employees.*

(*See* Compl. [Dkt. No. 1], Ex. 2 ["Award"] at 20-21 (emphasis added).)

Following the Award's issuance, employees Wickheiser and Smith resumed work but Lawson did not.[1]  (Compl. ¶ 13; Def.'s Answer at 8 ¶ 12; Pl.'s Answer to Def.'s Counterclaim ["Pl.'s Answer"] [Dkt. No. 7] ¶ 12.)  The Company continued to contract out the work previously performed by Lawson to an outside company.  (*See* Compl. ¶ 13; Def.'s Answer at 9 ¶ 16.)

Subsequently, the Union filed the instant complaint for enforcement under the LMRA, contending that "[i]t was the unequivocal intention of Arbitrator Fischetti to prospectively enjoin

---

[1] According to defendant, Lawson had obtained interim work and declined to return to work at the Company.  (Def.'s Answer at 8 ¶¶ 10, 12.)

all future subcontracting work performed by the tractor trailer drivers during the term of the

current contract," and pointing to the Award's language requiring the Company to "cease and

desist . . . from subcontracting the tractor trailer unit work . . . ." (Compl. ¶ 19.)  The Company

filed a counterclaim for enforcement, maintaining that the Award's prohibition on subcontracting

is limited by its subsequent language that "'this decision and award applies only to the return to

work of the three affected employees.'"  (Def.'s Answer at 1 (quoting Award at 21).)

Accordingly, the Company contends, the Award does not speak to the Company's rights and

obligations in light of what it describes as Lawson's "voluntary resignation" following his

purported waiver of the Company's offer to reinstate him.  (*Id.* at 4 ¶ 19, 8-9 ¶¶ 12-14.)

        The Court acknowledges the apparent tension between the Award's "cease and desist"

command and its subsequent language regarding the Award's application "only to the return to

work of the three affected employees."  However, "[i]n keeping with its limited role, . . . the

[C]ourt may not attempt to enforce an award that is ambiguous or indefinite."  *Am. Postal

Workers Union, AFL-CIO v. U.S. Postal Serv.*, 254 F. Supp. 2d 12, 15 (D.D.C. 2003).  Given the

interests of judicial economy, the lack of objection by the parties, "the law's clear preference for

resolving labor disputes by means of arbitration," and "the arguable ambiguity regarding whether

defendant has complied with the arbitrator's award," the Court will remand this matter to the

original arbitrator, Michael Fischetti, so that he may, within 60 days of the date of this Order,

clarify the meaning of the Award, determine whether defendant has complied with the Award,

and, if not, why not.  *Teamsters Local Union No. 96 v. Washington Gas Light Co.*, No. 06-CV-

928, 2006 WL 2726733, at *2 (D.D.C. Sept. 25, 2006) (remanding labor dispute to arbitrator to

clarify meaning of award and ascertain defendant's compliance, where "the Court [could not]

conclude with any confidence that defendant's Implementation Plan clearly falls short of

satisfying the award's requirements"); *see also Am. Postal Workers Union*, 254 F. Supp. 2d at 16-17 (remanding to arbitrator where award was ambiguous as to whether its commands applied "in perpetuity" or permitted defendant to cite "changed circumstances" as grounds for modification, where arbitrator's decision stated "that his conclusions are 'with the specific facts of the subject grievance'" (quoting arbitrator's comments)).

The Court will retain jurisdiction over this matter, and plaintiff must inform the Court of the arbitrator's decision as soon as it is issued.

**SO ORDERED.**


_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE:   June 29, 2009